# JOSEPH WENAR
## *v.*
## J. J. POHL.

OPINION ON MOTION TO VACATE ORDER FOR CONTEMPT.

A court has the power to grant a temporary restraining order until it can, upon a proper hearing, determine the question of jurisdiction; and disobedience of such an order is contempt of court, independently of how the court may afterwards decide the question.

February 17, 1902.

HOLT, Judge, delivered the following opinion:

Now came Thomas D. Mott, Jr., and J. J. Pohl, and moved the court to vacate the order entered herein on January 27th, 1902, in the proceedings for contempt against them, and said parties being heard by their attorney, J. M. Keedy, Esq., and the grounds of said motion, which are filed, being considered, said motion is overruled, and for these reasons, to wit:

This court has the undoubted power to either suspend or expel an attorney for conduct unbecoming such an officer. Section 725 of the Revised Statutes of the United States does not take away this power.

It was admitted upon the hearing of the proceedings against the defendants that defendant Mott, not only as an attorney advised the nonobservance of the order of the court, but actually

Wenar v. Pohl.

accompanied the defendant Pohl, and helped to take possession of the property in contest, in violation of the court's order. This was conduct unbecoming an attorney, but not so aggravated as it would have been if, for instance, he had assisted in taking a prisoner out of the custody of the marshal of this court and hanging him, for which conduct the court would undoubtedly have the power to either suspend or disbar him. Such a power is essential to the proper existence of the court and the character and standing of its bar. Upon the presentation of the bill for an injunction, the court did not grant it. It desired time to consider the question, deeming it an important one, and having doubts as to jurisdiction. It appearing from the bill, however, that irreparable injury might result from the delay necessary to a proper hearing, the court granted an order restraining the act sought to be enjoined, until the motion for an injunction could be heard. It undoubtedly had the power to do so. It was done to preserve the status of the matter until the motion could be heard and decided. This was the order the defendants knowingly violated. There can be no question of the power of the court to grant such a temporary order until a proper hearing can be had, whether the question be that of jurisdiction or otherwise. It has, of course, the power to determine if it has jurisdiction; and the power to grant a temporary restraining order until it does so is necessary to the proper conduct of justice; and while in force it is the duty of the parties to obey it.